## Duncan et al. *v.* Pittsburgh-Florida Fruit Growers' Assn., Appellant.

*Equity—Practice, equity—Failure to give opportunity to file exceptions to findings—Appeals—Remitting case—Equity rules.*

1. Where an equity case has been tried in violation of the equity rules, the appellate court will set aside the decree, and remit the record with a procedendo.

2. Such course will be pursued where a party has not been given an opportunity to file exceptions to findings of fact or law within ten days as provided by Equity Rule No. 64.

Argued October 15, 1924. Appeal, No. 122, Oct. T., 1924, by defendant, from decree of C. P. Allegheny Co., on bill in equity in case of H. G. Duncan et al. v. Pittsburgh-Florida Fruit Growers' Association. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Decree set aside, and record remitted.

*Geo. R. Wallace,* of *Wallace & Patterson,* for appellant.

*Elverton H. Wicks,* for appellee.

PER CURIAM, October 16, 1924:

Defendant complained in the court below of the failure of the chancellor to answer the requests for findings; his complaint was heeded and answers were filed. At the same time the final decree was entered, and two days thereafter the present appeal was taken. The equity rules in force when this case was tried provided by Rule

that parties shall have ten days in which to file exceptions, "which exceptions shall cover all objections to ......findings of fact and law." Here appellant was denied this right. In Lincoln v. Africa, 228 Pa. 546, 552, we said, "Where an equity case has been tried in violation of the equity rules......the Supreme Court will...... set aside the decree" and remit the record with a procedendo; that course will be followed in the present instance.

And now, October 15, 1924, the decree is set aside and the record is remitted to the court below to proceed in accordance with the requirements of the equity rules, costs to await final decree.